# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID EARL JONES**, <br><br> Petitioner, <br><br> v. <br><br> **RONNIE HOLT**, <br><br> Respondent. | Case No. 16-cv-01087 (CRC) |

## MEMORANDUM OPINION

In April 2001, a jury in the Superior Court of the District of Columbia convicted Jones of first-degree murder while armed, second-degree murder while armed, and other weapons-related offenses. See Jones v. Holt, 814 F. Supp. 2d 4, 5 (D.D.C. 2011). His convictions were affirmed in June 2007, and he is currently serving a life sentence. Id. Claiming that he was denied effective assistance of counsel on direct appeal, Jones now seeks a writ of habeas corpus under 28 U.S.C. § 2254. See Pet., ECF No. 1. The government has moved to dismiss the petition on the grounds that it is barred by time and by 28 U.S.C. § 2254(i), which states that "[t]he ineffectiveness of or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Jones has not complied with the Court's Order to respond to the government's motion, and the deadline to respond passed more than three months ago. See Dec. 6, 2016 Minute Order.

For the reasons explained below, the Court agrees that this action is barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, it will not address the applicability of § 2254(i), which excludes as a ground for relief claims raising the ineffectiveness of counsel only during collateral post-conviction proceedings.

As a "would-be federal habeas petitioner," a D.C. prisoner must "comply with the strictures of AEDPA—the federal court's 'labyrinth' collateral review procedure." Head v. Wilson, 792 F.3d 102, 106 (D.C. Cir. 2015). This includes filing a federal habeas petition within one year from the date a conviction becomes final "either by conclusion of direct review (i.e., denial of certiorari by the U.S. Supreme Court) or by expiration of the time for seeking direct review." Id. (citing 28 U.S.C. § 2244(d)(1)(A)) (parenthesis in original). AEDPA's statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). But it is not tolled "during the pendency of a petition [to the U.S. Supreme Court] for certiorari" based on a State court's denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007). AEDPA's statute of limitations "is not a jurisdictional bar" though and is subject to equitable tolling. Head, 792 F.3d at 106.

The government argues that Jones's convictions became final more than five years before he filed this action in June 2016. See Resp't's Mot. 7-8 (calculating February 10, 2010 as the date of finality). Per the Supreme Court's guidance in Lawrence, the Court calculates the relevant date as even earlier on November 18, 2009, when the D.C. Court of Appeals affirmed the denial of his first post-conviction petition. See id., Ex. 3 (D.C. Court of Appeals Judgment). Jones therefore had until November 18, 2010 to file the instant petition. Because Jones has not offered any reasons for the Court to toll AEDPA's statute of limitation, this action will be dismissed as time barred.

_Christopher R. Cooper_
_____
CHRISTOPHER R. COOPER
United States District Judge

Date: May 17, 2017